NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0416n.06

No. 09-5473

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>RONNIE FINCH,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Petitioner-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>TONY PARKER, WARDEN,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Respondent-Appellee.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED

*Jun 27, 2011*

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

Before: ROGERS and KETHLEDGE, Circuit Judges, RUSSELL, Chief District Judge.[*]

KETHLEDGE, Circuit Judge. The State of Tennessee prosecuted Ronnie Finch and two other men for their involvement in a shooting that left one man wounded and another man dead. The three defendants were jointly tried. At the conclusion of the State's case-in-chief, Finch's counsel moved for a judgment of acquittal. The court took the motion under advisement, which was error under Tennessee Law. The jury convicted Finch of facilitation of first-degree murder and two counts of facilitation of attempted first-degree murder. The trial court sentenced Finch to 49 years' imprisonment. Finch unsuccessfully challenged his convictions on direct appeal and in state post-conviction proceedings.

---

[*]The Honorable Thomas B. Russell, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

Finch thereafter filed a habeas petition in federal court, pursuant to 28 U.S.C. § 2254. His petition raised numerous grounds for relief, including that his counsel was ineffective by failing to object when the trial court took Finch's motion for acquittal under advisement, thereby waiving Finch's right to appeal the sufficiency of the State's evidence against him. The district court denied the petition but granted a certificate of appealability on that claim.

We review de novo the district court's denial of the writ. *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). We may not grant the writ unless Finch shows that the state court's denial of relief was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Finch concedes that the Tennessee Supreme Court's decision on this claim is not contrary to Supreme Court precedent, but he argues that the court unreasonably applied clearly established federal law.

Specifically, Finch says the Tennessee Supreme Court unreasonably applied *Strickland v. Washington*, 466 U.S. 688 (1984). Under *Strickland*, Finch must establish that his counsel's performance was objectively deficient, and that the deficiency was prejudicial. *See Haliym v. Mitchell*, 492 F.3d 680, 694 (6th Cir. 2007). The State concedes that Finch's counsel erred. The only question before us, then, is whether the state court unreasonably found that there was no "reasonable probability that, but for [Finch's] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Although Finch was indicted for premeditated and attempted premeditated murder, the jury convicted him only of facilitating those crimes. *Finch v. State*, 226 S.W.3d 307, 312 (Tenn. 2007). In Tennessee, "[a] person is criminally responsible for the facilitation of a felony, if, knowing that

-2-

another intends to commit a specific felony, but without the intent required for criminal responsibility . . . , the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a). The Tennessee Supreme Court found that Finch was not prejudiced because, at the close of the State's case-in-chief, the jury had sufficient evidence to convict Finch. Specifically, the court explained, the jury could have reasonably inferred that Finch fired one of at least three weapons involved in the shooting. Even if Finch did not fire directly at the victims, his participation in the gunfight "provided substantial assistance" to his co-defendants. *See Finch*, 226 S.W.3d at 320.

We cannot say that this determination is unreasonable. The district court's judgment is affirmed.